```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
STARBUCKS CORPORATION,                                      :
                                Plaintiff,                  :
                                                            :         24 Civ. 4927 (LGS)
                -against-                                   :
                                                            :         AMENDED ORDER
BRANDPAT, LLC D/B/A STARBUDS                                :
FLOWERS,                                                    :
                                Defendant.                  :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiff Starbucks Corporation, by and through its attorneys, having moved for an order pursuant to Fed. R. Civ. P. 55(b)(2) directing entry of judgment, permanent injunction, the award of attorneys' fees, and statutory copyright damages in its favor against Defendant Brandpat, LLC d/b/a Starbuds Flowers.

WHEREAS, the Complaint asserts federal copyright infringement of Starbucks Coffee Siren Copyright and 40th Anniversary Siren Copyright under 17 U.S.C. § 501(a), federal trademark infringement of STARBUCKS Siren Marks and STARBUCKS Word Marks under 15 U.S.C. § 1114 and trademark dilution of STARBUCKS Siren Marks and STARBUCKS Word Marks by blurring and tarnishment under 15 U.S.C. § 1125(c) and N.Y. Gen. Bus. Law 360-L.

WHEREAS, "[A] defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint" but "a district court need not agree that the alleged facts constitute a valid cause of action." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted). "[A] district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *Id.*; *accord Jordan v. Books*, No. 22 Civ. 6154, 2023 WL 4363003, at *2 (S.D.N.Y. July 6, 2023).

WHEREAS, the Complaint adequately alleges that Plaintiff has federally registered the

Starbucks Coffee Siren Copyright and the 40th Anniversary Siren Copyright, and Defendant's work is substantially similar to the materials protected by these copyrights.

WHEREAS, the Complaint adequately alleges that Defendant uses a colorable imitation of Plaintiff's STARBUCKS Siren Marks and STARBUCKS Word Marks without consent in selling goods and is likely to cause confusion.

WHEREAS, the Complaint adequately alleges that Defendant's use of a substantially similar form of Plaintiff's STARBUCKS Siren Marks and STARBUCKS Word Marks after they became famous is likely to diminish the distinctiveness and harm the reputation of Plaintiff's marks.

WHEREAS, the Court has subject matter jurisdiction over this action pursuant to the Lanham Act and under Sections 1131 and 1338 of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a). The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because these claims arise out of the same nucleus of operative facts as the federal claims.

WHEREAS, the Court has personal jurisdiction over Defendant under Sections 301 and/or 302 of the New York Civil Practice Laws and Rules because Defendant conducts, transacts, and solicits business in this district and because the events giving rise to this Complaint occurred in this state and/or had effects in this state, and Plaintiff is being harmed in this jurisdiction.

WHEREAS, venue is proper in this District pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), because a substantial portion of the events at issue occurred in this judicial district due to Defendant's transaction of business herein.  It is hereby

**ORDERED, ADJUGED and DECREED** that

Plaintiff's request for a permanent injunction is **GRANTED** as follows:

1. Defendant, its officers, agents, servants, employees and attorneys and other persons who are in active concert or participation with them are permanently enjoined from directly or indirectly using the mark "STARBUDS" in all forms and stylization and any other mark or name confusingly similar thereto or that are otherwise misleading as to source, origin, or sponsorship including but not limited to the STARBUDS Logo and STARBUDS Mark.

2. Defendant, its officers, agents, servants, employees and attorneys and other persons who are in active concert or participation with them who receive actual notice of this order by personal service or otherwise shall, within thirty (30) days after entry of this Permanent Injunction:

    a. remove from the marketplace all Internet, television, radio, print or other advertisements depicting the STARBUDS Logo or STARBUDS Mark and any other mark or name confusingly similar thereto or that are otherwise misleading as to source, origin, or sponsorship;

    b. deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in its possession, custody or control, and in the possession, custody or control of those in active concert or participation or otherwise in privity with them, which display or contain the STARBUDS Logo or STARBUDS Mark and any other mark or name confusingly similar thereto or that are otherwise misleading as to source, origin, or sponsorship, and deliver up for destruction all means of making the same;

    c. immediately and completely remove from its vehicles, business premises and all other locations the STARBUDS Logo and STARBUDS Mark and any other mark or name confusingly similar thereto or that are otherwise misleading as to source,

      origin, or sponsorship; and

   d. file a written report under oath with this Court, and serve upon Starbucks' counsel, within thirty (30) days of entry of this permanent injunction, setting forth in complete detail the manner and form in which it has complied with this permanent injunction.

An order referring the case for a damages inquest will issue separately.

Dated: October 10, 2024
       New York, New York

                                         **LORNA G. SCHOFIELD**
                                         **UNITED STATES DISTRICT JUDGE**